**U.S. Depart ent of Justice**


Office of the
Deputy Assistant Attorney General

*Washington, D.C. 20530*

**17 MAR 1983**

Walter T. Skallerup, Jr.
General Counsel
Department of the Navy
Washington, D.C.    20350

Dear Mr. Skallerup:

This responds to your letter of January 18, 1983, in which you requested the opinion of this Office on the question whether a scientist employed by the Naval Research Laboratory may accept an "award" of DM60.000 (approximately $24000) from the German Alexander von Humboldt Foundation.

From the papers submitted to us, and from information supplied to us by the Embassy of the German Federal Republic, it appears that the Government of the Federal Republic of Germany, in recognition of the aid received under the Marshall Plan, has established a program known as the "U.S. Special Program" designed "to honor American scientists who have gained an international reputation and thereby promote the interchange of ideas in specified fields between German and American researchers and research institutions."

An American scientist selected under this program is given a "Senior U.S. Scientist award" 1/ in an amount between DM 25,000 and 90,000. The award entitles the recipient to conduct research of his choice for an extended period of time at research institutions in the Federal Republic of Germany.

The German Federal Ministry for Research and Technology allocates DM 5,000,000 to this program annually. The administration of the U.S. Special Program is entrusted to the Alexander von Humboldt Foundation (the Foundation), the purpose of which is:

> "to award research fellowships to young, academically
> trained and highly qualified persons of foreign
> nationality, regardless of their sex, race, religion or
> ideology, to enable them to carry out research projects
> in the Federal Republic of Germany, and to maintain academic
> contacts resulting therefrom."

---

1/   The German text also uses the term "award."

The Foundation, the origin of which goes back to 1860, was reestablished in 1953 by the Federal Republic of Germany through its Minister for Foreign Affairs. The Foundation's Board of Governors includes the Ministers for Foreign Affairs and for Research and Technology. The Foundation's activities are financed mainly through annual payments by the Federal Republic of Germany. The awards are made by a "Special Committee," on which the Federal Ministries for Foreign Affairs and Research and Technology are represented.

The "award" under this program is thus funded by the Government of the German Federal Republic and administered by the Foundation. It is managed by a Board of Governors in which that Government is represented. Finally the recipients of the program are selected by a committee on which the German Government is represented. The question therefore arises whether an officer or employee of the Government of the United States may accept the award in view of Article I, § 9, cl. 8 of the Constitution, and of 5 U.S.C. §§ 7342, which implements the constitutional provision.

Article I, § 9 cl. 8 provides that:

> "no Person holding any Office of Profit or Trust under them, shall, without the Consent of the Congress, accept of any present, Emolument, Office, or Title, of any kind whatever, from any King, Prince, or foreign State."

Section 7342 of title 5, United States Code, the Foreign Gifts and Decorations Act (the "Act"), recasts the constitutional phrase "any King, Prince, or foreign State" in terms of "foreign government," defines that term, and provides limited congressional consent for the acceptance of "gifts and decorations" from foreign governments.

Section 7342(a)(2) defines the term "foreign government" as follows:

"foreign government" means --

(A) any unit of foreign governmental authority, including any foreign national, State, local, and municipal government;

- 2 -

(B) any international or multinational organization whose membership is composed of any unit of foreign government described in subparagraph (A); and

(C) any agent or representative of any such unit or such organization, while acting as such.

The Federal Republic of Germany, which funded the award, unquestionably is a foreign government within the meaning of that section. We need not go into the questions whether, in view of its intimate connection with the German Government, the Foundation should always be considered a foreign government for purposes of this section. It is sufficient that the Foundation is a foreign government, as defined in § 7342(a)(2)(C), while it is acting as the agent for the German Government in connection with the adminis-tration of the U.S. Special Program.

Section 7342(a)(3) defines the term "gift" as follows:

(3) "gift means a tangible or intangible present (other than a decoration) tendered by, or received from, a foreign government.

The "award" comes within the scope of this definition unless it constitutes a "decoration," defined in § 7342(a)(4), as an "order, device, medal, badge, insignia, or award." In our view, an award of $24,000 under the U.S. Special Program does not constitute the type of award envisaged by that statutory definition.

Neither the statute nor the legislative history defines the meaning of the word "award" as it is used in § 7342(a)(4). In these circumstances, the meaning is to be extracted under the noscitur a sociis rule from the other terms of the definition. Since these terms are essentially of an honorific nature, it must be assumed that the statute uses the term "award" in the sense of a certificate or plaque evidencing the recognition of meritorious achievements. This interpretation of the term "award" is supported by § 7342(i) pursuant to which:

"The President shall direct all Chiefs of a United States Diplomatic Mission to inform their host governments that it is a general policy of the United States Government to prohibit United States Government employees from receiving gifts or decorations of more than minimal value." (Emphasis added).

This indicates that the minimal value concept, (originally $100, now $140) 2/ applies to decorations. Thus the exclusion

---

2/ Section 7342(a)(5), 49 C.F.R. § 101-49.001-5.

- 3 -

from § 7342(a)(4) for decorations would not seem to cover an "award" of $24,000. The "award" under U.S. Special Program therefore constitutes a gift from a foreign government under section 7342, and a government employee would not accept it in the absence of some other Congressional authorization.

We believe such authorization can be found in §7342(c)(1)(B), in which Congress consents to the acceptance "by an employee of a gift of more than minimal value when such gift is in the nature of an educational scholarship."3/ A program designed to honor United States scientists and enable them "to stay for an extended period at research institutes in the Federal Republic of Germany to carry out research of the Awardee's own choice" seems to be in the nature of an educational scholarship, acceptance of which Congress has permitted, despite its prohibition against acceptance of other gifts of greater than de minimis value. We note that the notification of award also includes an offer by the Foundation to assume the travel expenses of the recipient of the award. In our view, this constitutes an incident of the scholarship rather than an independent gift of travel expenses which would be governed by § 7342(c)(1)(B)(ii).

We conclude that an officer or employee of the United States may accept a "Senior U.S. Scientist Award" from the Federal Republic of Germany as an educational scholarship under § 7342 (c)(1)B of the Act.4/

Sincerely,


Robert B. Shanks
Deputy Assistant Attorney General
Office of Legal Counsel

---

3/ According to § 7342(b), an employee may not request or otherwise encourage the tender of a gift or decoration. Under the regulations governing the U.S. Special Program, the nominations for awards may be submitted only by German scientists or institutions. It is not possible for American scientists to submit applications themselves.

4/ An attorney in the Office of the Legal Adviser of the Department of State, who regularly handles questions arising under the Foreign Gifts and Decorations Act, has advised us informally that he concurs in these conclusions.